# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY PERRY<br>4068 Delsa Circle<br>Memphis, TN  38116<br><br>    Plaintiff,<br><br>  vs.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br>25 Louisiana Ave., NW<br>Washington, DC 20001<br><br>IBT RETIREMENT BENEFIT PLAN,<br>25 Louisiana Ave., NW<br>Washington, DC 20001<br><br>TEAMSTER RETIREE HEALTH BENEFIT PLAN<br>25 Louisiana Ave., NW<br>Washington, DC 20001<br><br>    Defendants. | Case No.: |

## COMPLAINT

Plaintiff Henry Perry ("Plaintiff" or "Mr. Perry"), through his attorney Denise M. Clark, initiates this action to redress the breach of fiduciary duty by Defendants the International Brotherhood of Teamsters Retirement Benefit Plan ("IBT Retirement Plan") and the Teamster Retiree Health Benefit Plan ("IBT Retiree Health Plan") (collectively "Defendant Plans"), their respective trustees and plan administrators, for failure to properly account all of his compensation towards his vesting and benefit credit, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and its implementing regulations, thus preventing his attainment of life-time  retiree health benefits.  Plaintiff alleges that General- Secretary, and plan

administrator for the IBT Retiree Health Plan, Tom Keegel misrepresented to Plaintiff that he would be provided a position with Defendant Employer to allow him to earn the necessary hours to become eligible for the lifetime health benefits.  Finally, Complainant seeks to redress the failure of the International Brotherhood of Teamsters, ("Defendant Employer") to pay Plaintiff his accrued vacation pay.

By their actions and omissions alleged herein, Defendants violated the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 (a)(3) ("ERISA"); the D.C. Wage Payment and Collection Law, D.C. Code Ann. §§ 32-1301 *et seq.* ("DCWPCL"); and the regulations promulgated thereto, D.C. Mun. Regs. tit. 7, §§ 900 *et seq*.  Plaintiff asserts he is entitled to: (1) payment of lifetime health benefits under the plan for the misrepresentation made by John Slattery; (2) his vacation pay; (3) monetary  penalties under the DCWPCL, including liquidated damages and attorneys' fees; and, (4) appropriate equitable relief for Defendants' breach of their fiduciary duties as set forth under ERISA Section 404(a)(1)(B), 29 U.S.C.§ 1104 (a)(1)(B), in accordance with ERISA Section 502(a)(3), 29 U.S.C.§1132(a)(3).

## JURISDICTION AND VENUE

1.   This action arises under the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1109 and § 1132(a)(3) (hereinafter "ERISA").  This Court has jurisdiction under 29 U.S.C. § 1132(e)(1).

2.   Venue is proper pursuant to the provisions of 29 U.S.C. § 1132(e)(2) the plan is administered in the District of Columbia, and the acts complained of occurred in the District of Columbia.

3.   This Court has supplemental jurisdiction over Count II, which arises under District of Columbia law, pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set

of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

## THE PARTIES

4. Plaintiff, a former employee of Defendant Employer currently a resident of Memphis, Tennessee.

5. Defendant Employer is an employee organization as defined under Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and is located in the District of Columbia.

6. At all relevant times, Plaintiff was an employee of Defendant Employer and was a participant in the Defendant Plan.

7. Defendant Employer offered its employees vacation pay, and such vacation pay is compensation to be considered for determining a participant's vesting and participation credit, in accordance with the Internal Revenue Code and ERISA.

8. Defendant Employer failed to pay Plaintiff his vacation pay when he was terminated effective March 21, 2012, effectively interfering with Plaintiff's vesting in lifetime retiree benefits.

9. Defendant IBT Retirement Plan is an employee pension benefit plan created pursuant to Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and offered by Defendant Employer for the benefit of its employees.

10. Defendant IBT Retiree Health Plan is an employee welfare benefit plan created pursuant to Section 3(1) of ERISA, 29 U.S.C. § 1002(2) and offered by Defendant Employer for the benefit of its employees.

11. This Court has supplemental jurisdiction over Counts I and II, which arise under District of Columbia law, pursuant to 28 U.S.C. § 1367(a) because these claims arise from a

common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

12. This Court has personal jurisdiction over Defendants because Defendants have substantial, continuous, and systematic contacts with the District of Columbia and a substantial part of the actions and omissions alleged herein occurred in the District of Columbia.

13. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b) because a substantial part of Defendants' actions and omissions giving rise to the claims asserted herein occurred in this district.

## FACTS SUPPORTING TO PLAINTIFF'S CLAIMS

14. Plaintiff realleges all Paragraphs previously set forth herein and incorporates same.

15. Plaintiff was an International Trustee serving on the General Executive Board for nearly seven years when he was forced to retire on March 21, 2012.

16. Plaintiff was asked to step down from his position by the General President James Hoffa Jr., and only agreed after assurances were made that his service would be bridged for a total of six days so that he would qualify for retiree health care.

17. General Secretary-Treasurer Thomas Keegel personally assured Plaintiff that he would be retained by Defendant Employer so that he could bridge his time.

18. When Plaintiff applied for retiree health benefits his application was denied.

19. On April 9, 2012, Plaintiff had a telephone conversation with John Slatery, Director of Benefit Trust Administration, Willie Smith and Brad Raymond, IBT General Counsel during which Plaintiff informed them that all he needed was six-days of continued employment to qualify for lifetime retiree health benefits.

20. On information and belief, the IBT routinely permitted employees to secure lifetime health care when they were short hours through window periods or bridging hours.

21. In response to his inquiry about employment, he was informed that he could not be employed for that amount of time, and was directed to appeal his benefit claim, which he did.

22. Plaintiff's appeal addressed the representation that Plaintiff was to be bridged so that he would be eligible for life-time health benefits.

23. These facts were ignored and his benefit denial was upheld on appeal on April 11, 2012.

24. On information and belief, vacation pay is routinely counted under the IBT Retirement Plan for purposes of vesting and benefit credit.

25. Plaintiff was also denied vacation pay that would have provided the hours necessary for him to vest in lifetime health insurance.

## COUNT I:  EQUITABLE RELIEF UNDER ERISA SECTION 502(a)(1)(B)

26. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

27. Accordingly, pursuant to ERISA §§ 3(21)(A), 29 U.S.C. §§ 1002(21)(A), Defendants acted as fiduciaries in respect of the Plan.

28. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

29. The terms of the Retirement Plan provide that Plaintiff's hours of service should include all hours for which he is entitled to pay or is paid for performance of service.

30. Defendant Employer prevented Plaintiff from receiving his vacation pay.

31. Retirement Plan, did not properly credit Plaintiff with all hours of service due to the denial of vacation pay to Plaintiff.

32. As a result Retirement Plan records were inaccurate as to Plaintiff's eligibility for lifetime retiree benefits.

33. The failure of the Retirement Plan Trustees to account for the Plaintiff's vacation pay violates Section 404(a)(1)(D) which requires plan fiduciaries to administer the plan in accordance with the plan documents

34. Defendant Employer contributed to this breach of fiduciary duty by failing to report Plaintiff's vacation pay to the IBT Retirement Plan and the IBT Retiree Health Plan.

35. The Defendant Employer leadership includes one or more fiduciaries to the Defendant Plans.

36. The conflict of interest resulted in and continued the breach of fiduciary duty.

37. As a result of the conduct of both fiduciaries and nonfiduciaries, the resulting breach of fiduciary duty of failing to properly administer the plan in accordance with the plan documents, has caused Plaintiff to suffer damages for which he seek appropriate equitable relief.

**COUNT II: VIOLATION OF THE DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW**

38. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Defendant Employer failed and refused to pay Plaintiff earned vacation pay in violation of the DCPCWL, Section 32-1301, *et seq.*

40. To this day, Plaintiff has not been paid his fully earned vacation pay.

41. Defendant Employer's violations of the DCPCWL were and are repeated, willful, and intentional.

42. Defendant is liable to Plaintiff under D.C. Code Ann. § 32-1308, for his unpaid wages, liquidated damages, interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court:

A. Determine that the fiduciaries to the Defendant Plans breached their fiduciary duties under ERISA

B. Order Defendant Employer to remit Plaintiff his vacation pay.

C. Order Defendant Plans to award credit to Plaintiff for his vacation pay,

D. Order fiduciaries to Defendant Plans to Award Plaintiff life-time health benefits in accordance with the terms of the governing plans.

E. Determine the damages sustained by Plaintiff as a result of Defendant Employer's willful and intentional violations of the DWPCL, and award all appropriate statutory damages resulting therefrom to Plaintiff.

F. Award Plaintiff attorneys fees and costs under ERISA and the DCWPCL.

G. Plaintiff demands trial by jury

Dated:  March 21, 2014                                  Respectfully submitted,

        /s/Denise M. Clark
Denise M. Clark (420480)
The Law Office of Denise M. Clark
1250 Connecticut Ave., N.W.,Suite 200
Washington, D.C. 20036
(202)293-0015
dmclark@benefitcounsel.com